Kenneth MASSINGALE, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 84–668.

United States Court of Appeals, Federal Circuit.

June 21, 1984.

William J. Nold, Louisville, Ky., argued for petitioner.

Stephen R. Bergenholtz, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting

Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Petersen, Washington, D.C.

Before FRIEDMAN and DAVIS, Circuit Judges, and SKELTON, Senior Circuit Judge.

FRIEDMAN, Circuit Judge.

This petition for review challenges an order of the Merit Systems Protection Board (Board) dismissing as untimely the petitioner's appeal to the Board from his dismissal from government employment. We *affirm*.

## I.

By letter dated October 17, 1980, the Department of the Navy (Navy) removed the petitioner from his position as a welder, effective October 24, 1980. The notice of removal stated that petitioner could appeal his removal to the Board's regional office, that any appeal must be filed within 20 days of the effective date of the removal, and that under this time schedule the time for appeal to the Board was no later than November 13, 1980.

The petitioner selected his local union as his representative in the removal proceeding. In response to the union's request, the Navy extended the effective date of the petitioner's removal to November 21, 1980.

On November 24, 1980, the union wrote the Navy that it wanted to submit to "final and binding arbitration" the removal of the petitioner. Two days later the Navy wrote the union that the petitioner's removal was not appealable under the collective bargaining agreement between the union and the Navy. In response, the union, by letter dated December 1, 1980, reiterated its view that the grievance and arbitration procedures of the collective bargaining agreement covered the petitioner's removal. The union further stated that

I do not want to place in jeopardy the time limits of any individual's appeal, therefore, I can, if you insist, make an appeal to the Merit Systems Protection Board. However, I find it a [sic] unnec-

essary matter if we agree on the interpretation as set forth in this letter. I will await your decision before doing so.

The Navy informed the union by telephone on December 4, 1980, that its position that the petitioner could not challenge his removal under the grievance and arbitration procedure of the collective bargaining agreement but could appeal that action only to the Board "had not changed."

The petitioner, however, invoked the grievance and arbitration procedure and did not then file an appeal with the Board. The arbitrator concluded that the grievance relating to the dismissal was not arbitrable. The union took an exception from that ruling to the Federal Labor Relations Authority which, on January 7, 1983, upheld the arbitrator's decision.

On January 24, 1983, more than two years after the removal, the petitioner filed with the regional office of the Board an appeal challenging his removal. The presiding official of the regional office dismissed the appeal as untimely, and the Board denied review. The presiding official held that the petitioner had not shown good cause for a waiver of the Board's requirement that a petition for appeal must be filed within 20 days of the "effective date" of the action being challenged. 5 C.F.R. § 1201.22(b) (1980).

## II.

Since the petitioner's appeal to the Board, filed 26 months after the effective date of his removal, did not come even close to meeting the Board's 20-day time limit for such appeals, the only question here is whether the Board committed reversible error in concluding that the petitioner had not shown good cause for waiving the timeliness requirement. 5 C.F.R. 1201.56(a)(2) (1984). As the petitioner recognizes, "the Presiding Official has a great deal of discretion in resolving a question of waiver of time limits." We cannot say that the presiding official abused his discretion in concluding that, considering all the circumstances, the petitioner had not shown

good cause to waive the timeliness for filing an appeal.

In so holding, the presiding official applied *Alonzo v. Department of the Air Force,* 80 FMSR ¶ 7032 (1980), "the seminal decision of the MSPB which delineates the factors which are to be considered in deciding whether the 20-day time limit for appeal is to be waived." *Ceja v. United States,* 710 F.2d 812, 813–14 (Fed.Cir.1983). Among the *Alonzo* factors upon which the presiding official relied were the following: (1) the great length of the delay; (2) the Navy's informing the union that the grievance and arbitration procedures of the collective bargaining agreement did not cover the petitioner's removal; (3) the union's persistence in pursuing its position despite the Navy's warning that the only way the petitioner could challenge his removal was by appealing to the Board; (4) the union's awareness, reflected in its letter to the Navy of December 1, 1980, that it could have protected the petitioner by appeal to the Board—a course another similarly situated employee followed after which the Board dismissed his appeal subject to reinstatement if the contract grievance and arbitration procedure were held inapplicable; and (5) the language of the collective bargaining agreement was "clear" that "the grievance procedure does not cover a disciplinary action for which an appeals procedure specifically prescribed by statute exists." As the presiding official concluded:

> Although specifically advised of the 20-day time limit beginning November 22, 1980, the appellant nevertheless disregarded such information, choosing instead to rely on advice of his union which turned out to be incorrect. The action of the appellant was not a circumstance beyond his control that prevented a timely appeal. Accordingly, I find that the appellant has not demonstrated good cause for waiving the time limit in this case.

■ The petitioner argues that the presiding official failed to recognize that the union, as a party to the grievance procedures, had an independent role and interest in establishing that the grievance and arbitration procedure covered removals, and that he acted reasonably in relying upon the union's advice not to pursue timely his appeal remedy before the Board. In so advising the petitioner, however, the union was acting as his representative. Having selected the union as his representative, the petitioner is bound by its actions. He cannot now excuse his delay on the ground that the union's advice, which he followed in good faith, was erroneous, and that he therefore was not culpable. *Cf. Weston v. U.S. Department of Housing and Urban Development,* 724 F.2d 943, 950–51 (Fed. Cir.1983); *Johnson v. Department of the Treasury,* 721 F.2d 361, 365 (Fed.Cir.1983). As the Third Circuit held in rejecting virtually the identical argument in *Abbruzzese v. Berzak, et al.,* 601 F.2d 107, 110 (3d Cir.1979):

> USPS [United States Postal Service] informed Abbruzzese of the fifteen-day deadline for appeals. Moreover, it specifically advised him when that period commenced. Appellant nevertheless disregarded such information, choosing instead to rely on advice [from his union] which ultimately turned out to be incorrect. We believe that Abbruzzese in fact forfeited his appeal rights by failing to file such action in a timely manner ....

The order of the Board dismissing the petitioner's appeal as untimely is

AFFIRMED.