824 F.2d 979
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Benjamin F. SMITH, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3141.
 United States Court of Appeals, Federal Circuit.
 June 8, 1987.
 
 Before MARKEY, Chief Judge, COWEN and BALDWIN, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals from the decision of the Merit Systems Protection Board (MSPB or Board), which dismissed his appeal for lack of jurisdiction, because it was untimely filed and because he failed to show good cause for waiver of the time limitation. We affirm.
 
 OPINION
 
 2
 Petitioner was removed from his letter carrier position with the Los Angeles Post Office effective July 9, 1985, for multiple offenses, including 18 occurrences of possession and use of marijuana and consumption and possession of alcoholic beverages while on duty. He was informed of the decision to remove him by letter dated June 28, 1985. That letter informed him of his right to appeal to the MSPB within 20 days from the date of the decision and advised him that if he needed additional information on the procedure for appeal, he should contact the labor relations representative whose address and telephone number was given. It also furnished him with the MSPB regulations and with a copy of the form for appeal.
 
 
 3
 However, he did not appeal until July 16, 1986, almost one year after the date of his dismissal. The MSPB gave him an opportunity to show good cause for waiving the time requirement. In his response he declared that he first learned his removal was final when he got a letter from his union, dated June 9, 1986, which informed him that there would be no arbitration hearing of his grievance. He said he understood that his appeal was timely because he filed his appeal within 20 days from the date of that union notification.
 
 
 4
 The MSPB did not abuse its discretion in holding that petitioner failed to show good cause for his untimely appeal. The material petitioner submitted was not sufficient to explain his failure to comply with the clear directions in the agency's decision letter, and there is nothing to show that he made any effort to telephone the labor relations representative to obtain further information regarding his appeal.
 
 
 5
 Even if he relied on his belief that the union would submit his grievance to arbitration, that did not provide good cause for waiving the failure to appeal in time. The facts in this case are similar to those which this court faced in Massengale v. Merit Systems Protection Board, 736 F.2d 1521 (1984), in which we held that petitioner's reliance on information from his union would not excuse his delay in filing his appeal.