826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Malon JONES, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3300
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before RICH, SMITH and NIES, Circuit Judges.
 EDWARD S. SMITH, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or board), docket No. AT07528610641, dismissing as untimely and beyond the board's jurisdiction the appeal by Malon Jones (Jones) from an arbitrator's determination denying Jones' grievance of the United States Postal Service's (USPS) action which removed Jones from his clerk position at the Main Post Office in Atlanta, Georgia, is affirmed.
 
 OPINION
 
 2
 The board's decision not to entertain Jones' appeal rested on two grounds. First, the board, citing Hall v. United States Postal Service, 26 M.S.P.R. 233 (1985), determined that it lacked jurisdiction to review the arbitrator's decision because 5 U.S.C. Sec. 7121(d) (1982), providing for board review of an arbitrator's decision rendered under a collective bargaining agreement when there is an allegation of discrimination raised in connection with a matter otherwise appealable to the board, is not available to Postal Service employees. Second, the board determined that Jones' appeal, challenging his removal by the USPS, was untimely in view of the 20-day filing requirement for appeals set forth by 5 C.F.R. Sec. 1201.22(b). The board found that Jones filed his appeal approximately 2 months after the arbitrator's decision and approximately 10 months after the effective date of his removal. We affirm on both grounds.
 
 
 3
 The board correctly determined, pursuant to Hall, that it lacked jurisdiction to review Jones' appeal from the arbitrator's decision. Because Jones was a Postal Service employee, his only avenue on which to avail himself of appeal rights before the board was to file a timely petition for appeal with the appropriate regional office of the board within 20 days of his removal from his position. See Shrider v. United States Postal Service, 26 M.S.P.R. 238 (1985).
 
 
 4
 Jones argues that the board erred by dismissing the appeal as untimely. Jones points to both the advice of Mr. Long of the MSPB in Atlanta, Georgia, that Jones file his appeal in the Washington, D.C., office of the MSPB rather than in the Atlanta office and the retention of Jones' appeal by the Washington, D.C., office for 20 months before forwarding it to the Atlanta office as the reasons for the delay in the board, located in Atlanta, receiving his appeal. This argument by Jones is not persuasive. The board did not base its determination of untimeliness on the date the Atlanta office received Jones' appeal. The board based its determination of untimeliness on the date that Jones first filed his appeal with the Washington, D.C., office.
 
 
 5
 In addition, Jones argues that the board should have excused the untimeliness of his appeal because, at the time Jones was required to file his appeal, Jones was pursuing arbitration of his grievance claims arising from his removal. This contention already was considered and was rejected by the board. Although it was within the board's discretion to waive timeliness for filing appeals, see Massingale v. Merit Systems Protection Board, 736 F.2d 1521 (Fed. Cir. 1984), we cannot say that the board has abused its discretion by concluding that Jones has not established excusable delay under the circumstances of this case. As recognized by the board, Jones was advised, in the notice of removal, that he had 20 days from the date of his removal in which to file his appeal with the board. Jones is at fault for ignoring this notice.
 
 
 6
 We must affirm the board's decision because we find it to be supported by substantial evidence, and not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. Sec. 7703(c); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).