846 F.2d 78
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
HARRY J. THOMAS, Petitioner,
v.
THE DEPARTMENT OF THE NAVY, Respondent.
 No. 88-3015.
 United States Court of Appeals, Federal Circuit.
 March 31, 1988.
 
 Before MAYER, Circuit Judge, SKELTON and BALDWIN, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Harry J. Thomas (petitioner) petitions for review of the final decision of the Merit Systems Protection Board (board), Docket No. SF07528110864, dismissing his appeal as untimely. We affirm.
 
 OPINION
 
 2
 Petitioner was employed as an Equal Opportunity Specialist by the United States Marine Corps, Camp Butler, Okinawa, Japan. He was removed from that position for inefficiency, effective May 13, 1981. On October 6, 1981, the Administrative Judge sustained petitioner's removal. Petitioner filed a request for review on May 20, 1987, almost six years after the Administrative Judge's decision became final. The board dismissed the petition as untimely because it was not filed within the thirty-five day limit for appealing initial decisions. 5 C.F.R. Sec. 1201.114(d) (1987).
 
 
 3
 The board may waive the thirty-five day limit for good cause shown. Id. at Sec. 1201.114(f). Some of the factors used to determine whether the board should waive the timeliness requirement were enunciated in Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980). See Massingale v. Merit Systems Protection Board, 736 F.2d 1521, 1522-23 (Fed.Cir.1984). Among the factors considered by the board were the length of the delay, whether the petitioner was notified of the time limit (or was otherwise aware of it), the existence of circumstances beyond petitioner's control that affected his ability to comply with the time limit, and circumstances which show that any neglect is excusable.
 
 
 4
 Petitioner raised allegations of race, color, and age discrimination for the first time in his 1987 petition for review. The board rejected these allegations, finding that petitioner had not presented material new evidence previously unavailable.
 
 
 5
 This court will not disturb a decision of the board refusing to waive the time limit for filing an appeal unless that decision is shown to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Phillips v. United States Postal Service, 695 F.2d 1389 (Fed.Cir.1982). The board correctly disposed of petitioner's proposed new evidence and considered his arguments for waiver of the thirty-five day appeal limit. We find no abuse of discretion, error of law, or arbitrary and capricious acts which require this court to disturb the findings and holdings of the board. 5 U.S.C. Sec. 7703(c); Hayes v. Department of the Navy, 727 F.2d 1535 (Fed.Cir.1983).