985 F.2d 584
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William L. TANKSLEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3288.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1992.
 
 Before RICH, MICHEL and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 William L. Tanksley (Mr. Tanksley) seeks review of the January 22, 1992 initial decision of the Merit Systems Protection Board (MSPB or Board), Docket No. AT-0752-92-0297-I-1, which became final on February 26, 1992, dismissing Mr. Tanksley's appeal of a Department of the Army (agency) decision to remove him because his appeal was untimely filed without good cause. We affirm.
 
 DISCUSSION
 
 2
 Mr. Tanksley was effectively removed from his position with the agency on November 22, 1991 and filed his appeal with the Board on December 18, 1991. An appeal to the MSPB from a personnel action must be filed within 20 days of the effective date of that action. 5 C.F.R. § 1201.22(b) (1991). Thus, Mr. Tanksley's appeal, due by December 12, 1991, was filed six days after the filing period ended.
 
 
 3
 Upon receipt of Mr. Tanksley appeal, the administrative judge (AJ) sent him an acknowledgement order to show good cause why his appeal was untimely filed. Mr. Tanksley responded by letter. In his letter he stated that his appeal was late because, upon receipt of the notice of termination, he went to his union to determine whether he should file a grievance under the negotiated grievance procedure or an appeal to the MSPB and the union held his paperwork for a week. In addition, he states that he was hospitalized for a week and discharged on December 18, 1991, the day he filed his appeal.
 
 
 4
 The Board may, in its discretion, waive the filing deadline if the appellant shows good cause for his untimeliness. 5 C.F.R. § 1201.12; 5 C.F.R. 22(c). However, the AJ found that the delay was not a circumstance beyond Mr. Tanksley's control and that he had failed to act diligently or prudently. Accordingly, the AJ determined that Mr. Tanksley did not establish the existence of good cause to warrant a waiver of the time limit and dismissed the appeal as untimely.
 
 
 5
 It is Mr. Tanksley's burden to show that the union's holding of his papers or his hospitalization impaired his ability to make a timely filing. With respect to Mr. Tanksley's hospitalization, the AJ found that Mr. Tanksley failed to present any evidence to show that by virtue of his hospitalization he was unable to make a timely submission to the Board. See Carreon v. Office of Personnel Management, 46 M.S.P.R. 16, 19-20 (1990), aff'd, 930 F.2d 38 (Fed.Cir.1991) (Table). According to Mr. Tanksley's statement, he was admitted to the hospital on December 11, 1991, the day before his appeal was due. However, there is no indication that he was hospitalized on the basis of an emergency or that he did not know he would be entering the hospital. Nor does Mr. Tanksley offer any evidence to establish that he was in any way incapacitated prior to December 11, 1991. As a result, the AJ found that by failing to file before he entered the hospital or to have a third person file an appeal on his behalf, Mr. Tanksley failed to act with due diligence.
 
 
 6
 The AJ also found that the one week Mr. Tanksley and his union took to decide whether to file a grievance or an appeal did not excuse the late filing because the time spent was not beyond Mr. Tanksley's power to control. Cf. Massingale v. Merit Systems Protection Board, 736 F.2d 1521, 1523 (Fed.Cir.1984) (holding that an erroneous decision to pursue a grievance procedure does not excuse a late filing). In addition, the AJ found that Mr. Tanksley had two more weeks in which to file an appeal after receiving his paperwork back from the union.
 
 
 7
 This Court's scope of review of an MSPB decision is limited by statute. 5 U.S.C. § 7703(c). The MSPB decision must be affirmed unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. See, Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). Finding no error in the MSPB's decision we affirm.