**Richard F. OLIVER, Petitioner,**

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 02–3039.

United States Court of Appeals, Federal Circuit.

DECIDED: April 2, 2002.

———

Before SCHALL, BRYSON, and GAJARSA, Circuit Judges.

DECISION

PER CURIAM.

Richard F. Oliver petitions for review of the decision of the Merit Systems Protection Board ("Board"), No. DC–0752–01–0009–I–1, 90 M.S.P.R. 28, denying his petition for review of an earlier Board decision that dismissed his appeal as settled. We *affirm.*

DISCUSSION

I.

Mr. Oliver was a civilian employee of the Army until September of 2000, when the Army removed him for misconduct. He appealed his removal to the Board. Eventually, the parties settled the case. Under the settlement, Mr. Oliver was allowed to resign "for personal reasons," and the Army agreed to tell prospective employers that was why he had resigned. The Army also agreed to pay Mr. Oliver $20,000, which sum was to cover any and all attorney fees. For his part, Mr. Oliver agreed to withdraw his appeal and never again seek employment with the Army. After the administrative judge ("AJ") entered the settlement agreement into the record and dismissed the appeal, Mr. Oliver petitioned for review, arguing that he was misled and coerced by his lawyer into settling, that the AJ was biased against him, and that he was denied discovery to which he was entitled. The Board denied the petition, and this appeal followed.

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsup-

ported by substantial evidence. 5 U.S.C. § 7703(c); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

Mr. Oliver seeks to have his settlement agreement set aside. Such a petitioner has the "heavy burden" of establishing the invalidity of the settlement agreement. *Asberry v. United States Postal Serv.*, 692 F.2d 1378, 1380 (Fed.Cir.1982). "It is well-established that in order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir.2000).

Mr. Oliver contends that he was coerced into signing the settlement agreement by the actions of his attorney. He also contends that his attorney agreed to withdraw his request for discovery without his consent. However, a litigant is bound by the consequences of his attorney's conduct. *See Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed.Cir.1988); *Massingale v. Merit Sys. Prot. Bd.*, 736 F.2d 1521, 1523 (Fed.Cir.1984). Furthermore, the record does not suggest coercion on the part of Mr. Oliver's attorney.

Mr. Oliver also contends that the AJ exhibited judicial bias by denying his right to discovery. We see nothing in the record to support Mr. Oliver's claim of judicial bias. To the contrary, the record shows that the AJ ordered the Army to respond to Mr. Oliver's discovery motion in a prompt manner. The record also shows that the AJ carefully advised Mr. Oliver and his attorney regarding the status of the proceedings. The parties themselves agreed to withdraw all outstanding motions to compel discovery while they pursued a settlement, and Mr. Oliver himself signed the settlement agreement which mooted any discovery issues.

Mr. Oliver also contends that the settlement agreement was improper because (i) his attorney did not sign the settlement agreement before Mr. Oliver was asked to sign; and (ii) the Army improperly failed to place both his name and his attorney's name on the $20,000 settlement check. We have considered both of these contentions and have determined them to be without merit.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.