Richard F. OLIVER, Petitioner,

v.

**DEPARTMENT OF THE ARMY, Respondent.**

No. 04–3175.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 6, 2004.

David R. Feniger, Principal Attorney, Minneapolis, MN, David M. Cohen, Deborah A. Bynum, Of Counsels, Washington, DC, for Respondent.

Richard F. Oliver, Waldorf, MD, pro se.

Before MICHEL, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

## DECISION

PER CURIAM.

Petitioner Richard F. Oliver appeals from a decision of the Merit Systems Protection Board, Docket No. DC–0752–01–0009–C–1, 95 M.S.P.R. 433, 2004 WL 76268, denying his petition to enforce a settlement agreement with the respondent Department of the Army. We *affirm*.

## BACKGROUND

Mr. Oliver was a civilian employee of the Department of the Army until September 2000, when the Army removed him from his position. Mr. Oliver appealed his removal to the Merit Systems Protection Board. The appeal was ultimately resolved with a settlement agreement that the parties entered into in December 2000. Under the settlement agreement, Mr. Oliver was allowed to resign for personal reasons, and the Army agreed "to pay $20,000 as a lump sum for Appellant,

(Check made payable to The Robinson Law Firm) within 60 days of the execution of this Agreement." In return, Mr. Oliver agreed to "withdraw with prejudice this appeal and all equal employment opportunity complaints based on events dated on or before the signing of this Agreement." He also agreed never again to seek employment with the Army. The Board entered the settlement agreement into the record and dismissed the appeal. Mr. Oliver then petitioned for review, alleging that his lawyer had coerced him into agreeing to the settlement agreement and that the administrative judge who presided over the appeal was biased against him. The Board denied his petition for review, and we subsequently affirmed the Board's decision, *Oliver v. Dep't of the Army,* 33 Fed.Appx. 488 (Fed.Cir.2002).

After the settlement was entered, but before the Board ruled on Mr. Oliver's petition for review, the Army attempted to make the $20,000 payment referred to in the settlement agreement. In February 2001, the Army sent a check for $20,000 to Mr. Oliver's lawyer, Kenneth Robinson, made payable to The Robinson Law Firm. Because Mr. Oliver had fired Mr. Robinson as his lawyer by that time, however, Mr. Robinson returned the check to the Army. After the Board denied Mr. Oliver's petition for review, the Army contacted Mr. Oliver by letter, with copies to his former lawyer and his new representative, Ms. Ellen Dunn, requesting instructions on how to pay him the $20,000. The letter noted that The Robinson Law Firm was no longer representing Mr. Oliver and that the terms of the settlement agreement required the Army to make the check payable to The Robinson Law Firm. Mr. Oliver responded to the letter by instructing the Army not to have further contact with Mr. Robinson and stating that "[s]ince I have sixty days to appeal the MSPB decision, you have no right to advise me or

seek information about the settlement check." Mr. Oliver did not advise the Army about how to make the $20,000 payment.

After our decision in *Oliver v. Dep't of the Army,* 33 Fed.Appx. 488 (Fed.Cir. 2002), upholding the settlement agreement, the Army once again contacted Mr. Oliver in a letter addressed to him, to his former attorney (Mr. Robinson), and to Ms. Dunn. The letter stated that the Army was prepared to reissue the $20,000 check and requested that the three consult among themselves and advise the Army about who should be the payee on the check. In response to that letter, Mr. Oliver did not provide the requested instructions, but instead charged that the Army had acted improperly by contacting Mr. Robinson.

Mr. Oliver then filed a petition to enforce the settlement agreement, contending that the Army had breached the settlement agreement by not issuing the payment as prescribed in the settlement agreement. As a remedy for the alleged breach, Mr. Oliver sought to have the settlement agreement set aside and the original appeal of his removal reinstated. The administrative judge denied the petition, finding that "the agency has repeatedly attempted to comply with the agreement, by first tendering the $20,000 check addressed in term 2 of the settlement agreement to the appellant's then attorney of record, and after it was returned by him directing the question of payment to the appellant himself, in writing on 2 subsequent occasions, in an effort to make said payment." Based on those findings, the administrative judge concluded that Mr. Oliver's claims concerning the Army's alleged failure to pay the $20,000 as required by the settlement agreement were frivolous.

Mr. Oliver petitioned for review of the administrative judge's decision, but the Board denied the petition. Mr. Oliver has now petitioned this court for review.

## DISCUSSION

Mr. Oliver contends that by failing to make the agreed-upon $20,000 payment the Army has not satisfied its obligations under the settlement agreement. In essence, Mr. Oliver appears to contend that the settlement agreement did not take effect until either February 23, 2001, when the administrative judge's initial decision approving the settlement agreement became final, or some later date when his rights to appellate review of that decision were exhausted. Mr. Oliver argues that the Army was required to comply with the terms of the agreement, presumably by sending a check payable to The Robinson Law Firm after the settlement took effect. Although the Army sent a check for $20,000 to The Robinson Law Firm, Mr. Oliver's complaint is apparently that that check was sent too soon and that the Army breached the settlement agreement by not making that same payment after either February 23, 2001, or at some point after September 2001.

Mr. Oliver does not provide any support for his contention that the settlement agreement took effect only after the initial decision became final or the petition for review was denied. By its terms, the settlement agreement took effect when it was signed. For example, the settlement agreement provides that Mr. Oliver agreed "to withdraw with prejudice this appeal and all equal employment opportunity complaints based on events dated on or before the signing of this Agreement." Moreover, the settlement agreement required that several of its terms be fulfilled shortly after the agreement was executed. In particular, the agreement required the Army to pay Mr. Oliver "within 60 days of the execution of this Agreement." If the Army had waited until one of the dates proposed by Mr. Oliver as the effective date of the agreement, the Army would have been out of compliance with its obligations under the agreement.

Mr. Oliver does not dispute that shortly after the execution of the settlement agreement the Army sent a check to The Robinson Law Firm for $20,000. Mr. Robinson returned that payment because Mr. Oliver had fired him, presumably causing Mr. Robinson to question his authority to accept the payment. Mr. Oliver does not dispute that the Army twice asked Mr. Oliver for instructions about how to make the payment in a manner that he would accept in light of the fact that he had fired his attorney. The letters sent by the Army make clear that the Army stood ready to make the payment in any appropriate manner as directed, but that Mr. Oliver refused to give the Army instructions as to an acceptable method by which it could make the payment and not be subject to a later claim that it had not paid the proper party.

Under these circumstances, we conclude that the Board had substantial evidence to conclude that the Army has attempted to comply with the agreement and that its failure to so do up to this point has been the fault of Mr. Oliver. As such, the Board properly concluded that Mr. Oliver has not met his burden of establishing that the Army has breached the settlement agreement.

It also appears that Mr. Oliver may be calling the validity of the settlement agreement itself into question. Addressing that issue, the administrative judge concluded that "there is no evidence of record that raises a question as to the agreement's validity." Mr. Oliver has not pointed to any evidence that suggests that the admin-

istrative judge erred in reaching that conclusion. Accordingly, to the extent that Mr. Oliver is challenging the validity of the settlement agreement, we uphold the administrative judge's decision ruling that Mr. Oliver has failed to show that the settlement agreement is invalid.