Brenda A. BREWER, Petitioner,

v.

DEPARTMENT OF THE
NAVY, Respondent.

No. 04–3176.

United States Court of Appeals,
Federal Circuit.

Oct. 7, 2004.

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

PER CURIAM.

Brenda A. Brewer seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision of the Department of the Navy ("agency") to remove her from her position as a Security Specialist with the Naval Sea Systems Command ("NAVSEA") for failure to maintain the necessary security clearance. *Brewer v. Dep't of the Navy*, No. DC0752030022–1–1 (Feb. 10, 2004). We *affirm*.

I

This appeal involves an employee whose job with the Department of the Navy depended on her maintenance of a security clearance. The agency issued Ms. Brewer a letter of intent ("LOI") to revoke her security clearance, which stated the grounds for taking that action and afforded her the opportunity to respond. She was told that if she did not timely respond, the agency would revoke her clearance. Ms. Brewer was represented by counsel. Although counsel told Ms. Brewer that counsel would, and did, reply to the LOI, Ms. Brewer concedes that her counsel never responded to the LOI. Consequently, the agency revoked Ms. Brewer's security clearance, and thereafter proposed to re-

move her from her security-clearance dependent job. After affording Ms. Brewer the opportunity to respond to the proposed notice of removal, and after considering her response, the agency removed Ms. Brewer.

Ms. Brewer appealed her removal to the Board. Before the Board, Ms. Brewer acknowledged that the merits of the agency's decision to revoke her clearance are not subject to judicial review. *See Dep't of the Navy v. Egan,* 484 U.S. 518, 527–32, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988). Even though the reasons for security clearance revocation are beyond the reach of the courts, the Board will assure that the revocation process meets the requirements of constitutional due process. *See Kriner v. Dep't of the Navy,* 61 M.S.P.R. 526 (1994).

The thrust of Ms. Brewer's appeal to the Board was that her counsel's failure to respond to the LOI, which possibly contributed to her removal, should not be attributed to her, notwithstanding the bedrock rule of American jurisprudence that a client is responsible for the errors of her attorney. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Ms. Brewer argued that under Board law, she cannot be held responsible for the acts of her counsel when her counsel engaged in negligent behavior and deceived her into believing that counsel was properly representing the client's interests. The Board law upon which Ms. Brewer relied allows the Board to waive its own procedural rules in instances where it determines that the client suffered from negligent and deceitful action by the attorney. The pertinent Board law imposes on the client a duty to be diligent even where the attorney is behaving in a negligent and deceitful manner, by requiring that the client monitor the progress of her appeal by repeated inquiries to

counsel about the progress of the case. *See Lamb v. U.S. Postal Serv.,* 68 M.S.P.R. 500 (1995) (holding that a client's actions in monitoring her counsel were not sufficiently diligent so as to excuse her from responsibility for the attorney's misconduct); *Laube v. Dep't of the Air Force,* 70 M.S.P.R. 643, 645–46 (1996) (holding that because the client "actively monitored her appeal and was led by her attorney to believe that her response had been timely filed," she was released from the misconduct of her attorney).

The gist of Ms. Brewer's argument was that unless she is excused from the misconduct of her attorney, the process afforded to her by the agency in deciding to revoke her security clearance failed to meet the minimum standards of due process of law, as required by Board precedent.

The Board reviewed the facts of the case in light of its precedent and concluded that the agency had given Ms. Brewer adequate due process by giving her notice of the charges against her and ample opportunity to rebut them. The Board further concluded that Ms. Brewer had not sufficiently monitored her attorney's behavior to warrant excuse from the attorney's failure to respond to the LOI. The Board thus upheld the agency's decision to remove Ms. Brewer, and she timely sought review in this court.

II

We must affirm the final decision of the Board, unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1) (2000). When the Board's decision rests on findings of fact, we must accept those findings if supported by substantial evidence. *Id.* § 7703(c)(3).

Ms. Brewer concedes that no response to the LOI was filed. But she attributes that failure to the misconduct of her attorney, and she argues that her attorney's misconduct deceived her into thinking that a response to the LOI had in fact been filed. Nonetheless, she asserts that she sufficiently monitored the conduct of her attorney so as to be released from the consequences of her attorney's misconduct, pursuant to *Laube*. In response, the agency argues that the Board correctly determined that the facts of this case more nearly resemble those in *Lamb*. The agency thus argues in support of the Board's final decision.

### III

This case does not deal with a decision by the Board to excuse untimely filings in the process of its own cases. The precedent upon which Ms. Brewer, the agency and the Board relied in this case is inapplicable to the question of whether the agency must release a client from the consequences of attorney misconduct when the attorney's actions deceive the client, even though she may be diligently monitoring the legal process in question.

The law of the land is clear. Misbehavior of an attorney is taxed to the client. *Link*, 370 U.S. at 633–34, 82 S.Ct. 1386. The law in our circuit is the same, and is equally clear. When a client relies in good faith on incorrect advice, the client is bound by the actions of the attorney. *See Massingale v. Merit Sys. Prot. Bd.*, 736 F.2d 1521, 1523 (Fed.Cir.1984). In *Rowe v. Merit Systems Protection Board*, we were faced with a client who placed good faith reliance on the lawyer who negligently failed to meet a filing deadline at the Board. 802 F.2d 434 (Fed.Cir.1986). Citing *Link*, we stated:

Therefore, Rowe cannot escape the consequences of the lateness of his appeal that was filed by his union attorney after the deadline, even though Rowe himself acted in good faith in relying on the advice and actions of his attorney.

*Id.* at 437.

Notwithstanding the clarity of the law which burdens the client with the misbehavior of the attorney, the Board has decided that, in some circumstances, for purposes of its own filing deadlines, it will excuse the client from deceptive conduct of the attorney. We have no cause in this case to decide whether the Board's discretion over its own procedure is sufficiently broad so as to allow it to adopt a more generous rule in instances of attorney misconduct than is otherwise applicable.

Until such a time that the agency decides for itself that it will apply a more generous test in these circumstances, the otherwise clear law applies: the client suffers the mistakes of the attorney.

In this case, the agency afforded Ms. Brewer more than minimal due process. Ms. Brewer was notified of the charges against her, and was clearly instructed in the LOI on how she could respond. Her failure to respond led to her security clearance revocation and then to her removal. In this civil setting, she could not even argue constitutional entitlement to counsel. So long as she was afforded a due process opportunity to meet the charges, due process required no more. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

The Board's error in applying law applicable to its own procedural rules is harmless, because under the correct test, Ms. Brewer cannot mount a due process objection to her removal (through an attack on the revocation of her security clearance) based on her good faith reliance on her attorney, whose representation may have

proved harmful to her case. The final decision of the Board is affirmed.