**Shona YATES, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 04–3110.

United States Court of Appeals, Federal Circuit.

Oct. 8, 2004.

Before MAYER, Chief Judge, ARCHER, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

PER CURIAM.

Shona Yates seeks review of the final decision of the arbitrator holding that her grievance is not subject to arbitration under the terms of the statute that governs arbitration of disputes. 5 U.S.C. § 7121 (2000). We *affirm*.

I

Ms. Yates served as a nondestructive tester in the Department of the Air Force ("agency") under an appointment effective August 12, 2001, that was subject to her

completion of a one-year initial probationary period. Before accepting this appointment, Ms. Yates had served in the agency for over three consecutive years in nonprobationary positions. During the probationary period, the agency proposed to remove Ms. Yates for failure to request leave properly, leaving work without permission, and making false statements. Under the terms of the Master Labor Agreement between the agency and the American Federation of Government Employees, Ms. Yates grieved her removal. The agency rejected the grievance as non-grievable and non-arbitrable "by statute."

Under the terms of the collective bargaining agreement, Ms. Yates then had a choice. Because probationary employees are entitled to an appeal to the Merit Systems Protection Board ("Board") if they have completed more than one year of continuous service under the holding of *Van Wersch v. Department of Health & Human Services,* 197 F.3d 1144 (Fed.Cir. 1999), she could appeal the agency's removal action to the Board. *See McCormick v. Dep't of the Air Force,* 307 F.3d 1339, 1342–43 (Fed.Cir.2002) (following *Van Wersch* ). In the alternative, she could appeal the removal to arbitration and have her case decided by an arbitrator. The law, however, expressly provides that the employee may choose one avenue or the other, but not both. *See* 5 U.S.C. § 7121(e)(1) (2000). When the employee takes one appeal route, she is barred from later seeking relief pursuant to the other. *See Whitaker v. Merit Sys. Prot. Bd.,* 784 F.2d 1109, 1110 (Fed.Cir.1986).

▮ Even though Yates eventually appealed her removal to the Board, she did so out of time and apparently after initiating grievance procedures. She thus effectively chose to pursue her grievance through arbitration. *See* 5 U.S.C. § 7121(e)(1).

## II

Before the arbitrator, Ms. Yates argued that she should have the benefit of *McCormick* because the law requires that an arbitrator apply the same substantive law to the appeal as would be applied by the Board. *See Cornelius v. Nutt,* 472 U.S. 648, 660, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985) ("Congress clearly intended that an arbitrator would apply the same substantive rules as the Board does in reviewing an agency disciplinary decision."). In *McCormick,* this court held that an employee in the competitive service who was serving a probationary period at the time of her removal but who had completed more than one year of current continuous service had a right to appeal her grievance to the Board. 307 F.3d at 1342–43.

The arbitrator recognized that under *McCormick,* the Board would have had jurisdiction over a timely appeal by Ms. Yates. But the arbitrator declined to apply *McCormick* to Ms. Yates's arbitration, and instead agreed with the agency that Ms. Yates grievance was not subject to arbitration because 5 U.S.C. § 7121(c)(4) expressly excludes from arbitration any grievance concerning "any examination, certification or appointment." In doing so, the arbitrator concluded that a probationary period is considered by law to be an extension of the examination process, and therefore arbitration cannot by law extend to any matters arising during an employee's probationary period.

Indeed, such is the law. In *Department of Justice v. Federal Labor Relations Authority,* 709 F.2d 724, 727–28 (D.C.Cir. 1983), the court faced the very question of whether a probationary period is an "examination" for purposes of section 7121(c)(4). The court held that "Congress clearly linked the agency's right to discharge summarily a probationary employ-

ee to the probationary period." *Id.* at 727. In reaching this conclusion, the court relied on explicit legislative history of the statute, which provided:

> The probationary … period … is an extension of the examining process to determine an employee's ability to actually perform the duties of the position. It is inappropriate to restrict an agency's authority to separate an employee who does not perform acceptably during this period.

S.Rep. No. 95–969, at 45 (1978), *reprinted in* 1978 U.S.C.C.A.N. 2723, 2767.

Because Congress has explicitly forbidden the arbitration process from addressing issues concerning employee actions taken during probationary periods, the arbitrator dismissed Ms. Yates's case. Her timely appeal to this court followed, and we have jurisdiction under 5 U.S.C. § 7121(f), 5 U.S.C. § 7703, and 28 U.S.C. § 1295(a)(9).

### III

It is true that on the facts of this case, the Board would have entertained jurisdiction. Ms. Yates, however, did not file with the Board first, and her later attempt to file with the Board was correctly rejected.

█ Ms. Yates's argument that this court should require an arbitrator to apply *McCormick* to arbitration proceedings must fail for the same reason that the argument was rejected by the arbitrator. Congress has spoken with abject clarity with regard to the jurisdictional reach of arbitration. We agree that the law is clear: adverse employment actions taken during probationary periods are not subject to arbitration. The arbitrator correctly dismissed Ms. Yates's case.

Finally, we note that Ms. Yates is bound by the acts taken by her counsel. Our court has consistently held that a mistake made by an attorney in filing in the wrong place, or at the wrong time, is taxable to the client. *See Whitaker,* 784 F.2d at 1110; *Massingale v. Merit Sys. Prot. Bd.,* 736 F.2d 1521 (Fed.Cir.1984).