## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIO CHIOVITTI,
                Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
PH-0752-21-0212-I-1

DATE: July 12, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Matthew Floyd Gunn</u>, Esquire, Toledo, Ohio, for the appellant.

<u>Keshat Lemberg</u>, Vienna, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND this appeal to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      Effective March 10, 2020, the agency removed the appellant from his position as a GS-6 Police Officer based on the charge of conduct unbecoming a Federal employee. Initial Appeal File (IAF), Tab 1 at 15-19, Tab 10 at 91. The agency decision notice informed the appellant that he could contest the agency action either by filing a grievance under the negotiated grievance procedure or by filing an appeal with the Board, but not both. IAF, Tab 1 at 17-18. The decision also informed the appellant that a grievance had to be filed no later than 14 calendar days after the date he received the letter and that a Board appeal had to be filed no later than 30 days after the effective date of his removal or his receipt of the decision, whichever was later. *Id.* at 17. The decision further informed the appellant that, if a Board appeal was not submitted within 30 days, it could be dismissed as untimely filed unless a good reason for the delay was shown. *Id.* at 17-18.

¶3      On March 27, 2020, the appellant's union filed a grievance of his removal on his behalf. IAF, Tab 5 at 25. The agency issued an April 15, 2020 decision denying the grievance on procedural grounds, and the union invoked arbitration on April 30, 2020. *Id.* at 27-28, 31.

¶4      Approximately a year after the union invoked arbitration, at the end of April 2021, the parties, through their attorneys, discussed whether the appellant could contest the removal under the negotiated grievance procedure because of his purported status as a probationary employee and the fact that actions against employees serving in a probationary period are not subject to arbitration.[2] IAF,

---

[2] At the time of the appellant's appointment to the Department of Defense, a covered employee, as defined in 10 U.S.C. § 1599e, was required to serve a 2-year probationary period. On December 27, 2021, President Biden signed into law the National Defense Authorization Act for Fiscal Year 2022 (2022 NDAA), Pub. L. No. 117-81, 135 Stat.

Tab 5 at 39-43; *see Yates v. Department of the Air Force*, 115 F. App'x 57, 59 (Fed. Cir. 2004) (explaining that "Congress has explicitly forbidden the arbitration process from addressing issues concerning employee actions taken during probationary periods"). The representatives then agreed that the agency would not contest Board jurisdiction over an appeal of the appellant's removal if the union withdrew the grievance from arbitration. IAF, Tab 5 at 37. On May 1, 2021, the appellant's representative informed the arbitrator that the union was withdrawing the grievance; and the arbitrator confirmed, without comment, that he would cancel the hearing. *Id.* at 37, 48. That same day, the appellant filed the instant Board appeal. IAF, Tab 1.

¶5 Two weeks later, on May 14, 2021, the agency representative learned of the existence of a 2018 agreement between the Transportation Security Administration (TSA) and the Office of Personnel Management (OPM) governing the movement of employees between the TSA, where the appellant previously worked, and positions in the competitive service, such as the appellant's Police Officer position. IAF, Tab 8 at 13-14, Tab 10 at 76-77. Paragraph 6 of that agreement states that an employee appointed under the agreement who has previously completed a probationary or trial period will not be required to serve a new probationary or trial period. IAF, Tab 10 at 77.

¶6 After the appellant filed a Board appeal of his removal, the administrative judge issued an order informing the appellant that his appeal appeared to be untimely filed and providing him an opportunity to submit evidence and argument showing that the appeal was timely filed or that good cause existed for the delay

---

1541. The 2022 NDAA repealed the 2-year probationary period for DOD appointments made on or after December 31, 2022. Pub. L. No. 117-81, § 1106, 135 Stat. 1541, 1950. That change does not affect the outcome of this appeal. Because the appellant had more than 2 years of current continuous service, when his prior Government service was tacked to his service as a Police Officer, the agency explained that the appellant had Board appeal rights even though he was serving in a probationary period with the agency. IAF, Tab 5 at 41; *see McCormick v. Department of the Air Force*, 307 F.3d 1339, 1341-43 (Fed. Cir. 2002).

in filing. IAF, Tab 3. The appellant responded that good cause existed for his untimely filed appeal because the agency provided him with incorrect appeal rights in its removal decision when it stated that he could contest the action through the negotiated grievance procedure, he detrimentally relied on that misinformation when he filed a grievance concerning his removal, and he diligently pursued his right to appeal to the Board once he obtained the correct information. IAF, Tab 5 at 5. The appellant also argued that his election to contest the removal through the negotiated grievance procedure was not valid because of the agency's misinformation. *Id.*

¶7        On August 26, 2021, the administrative judge issued an initial decision finding the Board appeal 387 days late and dismissing it as untimely filed without good cause shown. IAF, Tab 13, Initial Decision at 1, 3-4. The administrative judge did not address the appellant's misinformation argument. The appellant has filed a petition for review, the agency has filed a response, and the appellant has replied to that response. Petition for Review (PFR) File, Tabs 1, 3-4.

## ANALYSIS

The appeal was untimely filed.

¶8        An appellant bears the burden of proving by preponderant evidence that his appeal has been timely filed. 5 C.F.R. § 1201.56(b)(2)(i)(B). With exceptions not applicable here, an appeal must be filed with the Board no later than 30 days after the effective date of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1).

¶9        Here, the appellant was removed from his position, effective March 10, 2020. IAF, Tab 10 at 91. The appellant indicated that he received the removal decision on March 9, 2020. IAF, Tab 1 at 4. Thus, his appeal was due on April 9, 2020. 5 C.F.R. § 1201.22(b)(1). However, the appellant did not file his appeal until May 1, 2021, over a year past the deadline. IAF, Tab 1.

<u>Remand is required to determine whether the agency provided misinformation to the appellant that constitutes good cause for the filing delay.</u>

¶10    The Board will excuse an untimely filing if a party shows that he exercised due diligence or ordinary prudence under the particular circumstances of the case.[3]  *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 13 (2016); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  The issue presented by this appeal is whether good cause exists for the appellant's untimely filed appeal based on the purportedly incorrect information in the agency decision notice regarding the avenues available to the appellant to challenge the removal.[4] The Board has held that agency misinformation about appealing an adverse action may constitute good cause for an untimely filing.  *See Foley v. Department of Health & Human Services*, 84 M.S.P.R. 402, ¶ 11 (1999) (finding good cause for an untimely filed appeal based on the agency providing "materially erroneous notice of appeal rights"); *Floyd v. U.S. Postal Service*, 44 M.S.P.R. 37, 40 (1990) (remanding an appeal to determine whether an agency official misinformed the appellant's representative regarding the commencement of the filing period); *McClure v. Federal Emergency Management Agency*, 32 M.S.P.R. 672, 677

---

[3] The appellant argues that the agency agreed not to challenge that good cause existed or that the Board had jurisdiction over the appeal.  PFR File, Tab 1 at 5-6; IAF, Tab 5 at 37, Tab 8 at 6.  Although an agency can stipulate to matters of fact, legal conclusions, such as Board jurisdiction or the existence of good cause, are not subject to stipulation.  *See King v. Department of Veterans Affairs*, 105 M.S.P.R. 21, ¶ 16 n.2 (2007) (stating that, while the parties can stipulate to facts, the question of Board jurisdiction is a legal question not subject to stipulation); *Ludlum v. Department of Justice*, 87 M.S.P.R. 56, ¶ 27 (2000) (stating that the Board is not bound by stipulations of mixed questions of fact and law), *aff'd*, 278 F.3d 1280 (Fed. Cir. 2002).

[4] We recognize that this appeal also may present an election of remedies issue.  When, as here, an appellant elects to file a grievance before filing his Board appeal, it does not constitute good cause for an untimely filing.  *McNeil v. U.S. Postal Service*, 98 M.S.P.R. 18, ¶ 10 (2004).  If the appellant received misinformation about his options to challenge the removal, the election is not binding.  *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 15 (2013).  The resolution of whether the appellant received misinformation in this appeal will be decided by resolving the good cause issue.

(1987) (finding an appeal timely filed when the agency failed to properly inform an employee of his Board appeal rights).

¶11    As explained above, the agency informed the appellant in the decision notice that he could contest the removal through the negotiated grievance procedure or by filing a Board appeal. IAF, Tab 1 at 17-18. The appellant elected to contest the action through the negotiated grievance procedure, and, approximately a year later, just prior to the hearing before the arbitrator, the parties' representatives discussed whether the appellant's removal was arbitrable because of the appellant's purported status as a probationary employee and the fact that actions against probationary employees may not be contested through the arbitration process.[5] IAF, Tab 5 at 39-43; *see Yates*, 115 F. App'x at 59. Based on those discussions, the appellant's union then withdrew the arbitration request, and he promptly filed a Board appeal. IAF, Tab 1, Tab 5 at 37.

¶12    The fact pattern set forth above has the initial appearance of an agency-provided misinformation scenario, but, as noted, under an agreement between TSA and OPM, the appellant's prior service with TSA may mean that the appellant was not a probationary employee at the time of his removal by the agency. Such a finding would mean that the appellant's removal was subject to arbitration and the information in the decision notice regarding the appellant's ability to challenge the removal through the negotiated grievance procedures was correct. Resolution of whether the appellant was serving in a probationary period

---

[5] The appellant argues that the agency's assertions in April 2020 regarding the arbitrability of the appellant's removal constitute misinformation establishing good cause for the untimely filing of the Board appeal. PFR File, Tab 4 at 7-8. The appellant cites no legal authority to support this assertion. An agency's position during litigation, even if incorrect, is not equivalent to misinforming an appellant of his appeal rights in the agency decision notice, particularly when, as here, the appellant was represented by counsel. If, after appropriate due diligence, the appellant's counsel disagreed with the agency regarding the arbitrability of the appellant's removal, he could have presented that issue to the arbitrator for decision. The arbitrator had already issued a December 2020 decision addressing one agency argument and finding that the grievance was procedurally arbitrable. IAF, Tab 5 at 30, 35.

is thus central to the timeliness determination in this appeal and is dependent on, among other things, the appellant's employment at TSA.

¶13     The record reflects that the appellant previously worked at TSA prior to transferring to the agency, but the exact time period and circumstances of that prior service is unclear.  For example, the appellant's attorney asserted that the appellant was employed by TSA from 2014 to October 27, 2018, and a coworker provided a letter stating that the appellant worked at TSA for 4 years.  IAF, Tab 5 at 6, Tab 9 at 47.  In addition to the inconsistency in these statements, neither is entitled to significant evidentiary weight.[6]  The statements of a representative in a pleading are not evidence, *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 6 n.1 (2014), and the statement of the coworker is not sworn or made under penalty of perjury thus reducing its probative value, *Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶ 17 (2011) (finding an unsworn unsupported statement not to be probative of the matter asserted).  Moreover, the agreement between TSA and OPM contains specific conditions that must be met for the agreement to apply.  IAF, Tab 10 at 76-77.  Based on the current record, it is not possible to determine whether those conditions have been met such that the agreement covers the appellant's transfer from TSA to the agency.  Thus, remand is necessary.

¶14     On remand, the administrative judge shall afford the parties the opportunity to present evidence and argument regarding whether the appellant was serving in a probationary status at the time of his removal, including whether the agreement between TSA and OPM applies such that the appellant was not required to serve a new probationary period at the agency.[7]  The administrative judge shall then

---

[6] The record contains the Standard Form 50 documenting the appellant's transfer from TSA to the agency.  IAF, Tab 8 at 20-21.  It does not address the appellant's probationary status nor reference the agreement between TSA and OPM.  *Id.*

[7] On review, the appellant objects to the administrative judge having telephoned the agency's representative to inquire after her health, after she filed a motion to stay deadlines/responses citing health issues as the basis for the motion.  PFR File, Tab 1

determine whether the agency provided misinformation regarding the appellant's ability to challenge his removal through the negotiated grievance process and, if so, whether that misinformation constitutes good cause for the untimely filed Board appeal. If the administrative judge finds that good cause exists, he shall adjudicate the appellant's appeal. If the administrative judge finds that good cause does not exist, he may dismiss the appeal as untimely filed without good cause shown.[8]

## ORDER

¶15 For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

/s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

---

at 6 n.1, 9. The appellant requests that, if the appeal is remanded, that it be assigned to a new administrative judge. *Id.* at 9. The agency representative confirms that the call she received from the administrative judge did not concern the merits of the appeal or the Board's jurisdiction and was brief and focused on her health. PFR File, Tab 3 at 10-11. Administrative judges are not prohibited from engaging in ex parte conversations regarding procedural matters, such as extensions of time. *See Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 6 (2010) (finding that ex parte communications regarding procedural matters are not prohibited); 5 C.F.R. § 1201.102 (prohibiting ex parte communications regarding the merits, as opposed to procedural aspects, of matters before the Board). The administrative judge's conversation with the agency's representative does not violate the prohibition on ex parte communications, and the appellant's argument provides no basis to assign this appeal to a new administrative judge on remand.

[8] If the appellant's Board appeal is untimely filed without good cause shown, to the extent that the appellant's union withdrew the request for arbitration based on a misunderstanding that the appellant's removal was not arbitable, any remedy for such a misunderstanding rests in the arbitration process.