**Isaac T. WEBB, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 95–3594.

United States Court of Appeals, Federal Circuit.

Decided Nov. 14, 1995.

---

**4.** Plaintiff–Appellant's request for oral argument is denied.

Isaac T. Webb, Nashville, Tennessee, submitted Pro Se.

Melissa Pollack, Attorney, U.S. Merit Systems Protection Board, Washington, DC, submitted for respondent. With her on the brief were Mary L. Jennings, Acting General Counsel and David C. Kane, Assistant General Counsel.

Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.

PER CURIAM.

Isaac T. Webb petitions for review of the June 9, 1995 final decision of the Merit Systems Protection Board, Docket No. SL0752950265–I–1, dismissing his appeal as untimely. Because the board did not abuse its discretion in determining that Webb failed to show good cause for his delay in filing, we affirm.

## BACKGROUND

The United States Postal Service (agency) employed Webb as a mail handler. The agency removed Webb from his position effective December 16, 1994. Webb filed an appeal with the board on March 27, 1995, after the 30–day regulatory filing deadline. *See* 5 C.F.R. § 1201.22(b) (1995).

In an April 4, 1995 Acknowledgement Order, the Administrative Judge (AJ) notified Webb that his appeal appeared to have been filed late and ordered him to show good cause for the delay. *See* 5 C.F.R. § 1201.22(c) (1995). Webb did not respond to the Order. Therefore, in an initial decision, the AJ dismissed Webb's appeal as untimely, finding that Webb presented no evidence of good cause for the delay in filing. Although Webb relied on the fact that a grievance had been filed by the union on his behalf, the AJ found that the filing of a grievance did not extend or toll the 30–day time limit. *See, e.g., Lipsky v. United States Postal Serv.*, 58 M.S.P.R. 555, 559–60 (1993). The AJ's initial decision became the final decision of the board when Webb did not petition the board for review. Webb now petitions for review by this court.

## DISCUSSION

Our review is limited to determining whether the board's decision not to waive the regulatory time limit was arbitrary, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c) (1994); *Rowe v. Merit Sys. Protection Bd.*, 802 F.2d 434, 437 (Fed.Cir.1986). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Protection Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (in banc).

On appeal, Webb reiterates that his dealings with the union caused the delay in filing his application. He states that the union told him not to do anything until he heard from them. He also states that a change in union stewards contributed to the delay. In addition, he alleges that the board failed to take into account his alcohol and drug dependency, and his post-traumatic stress disorder.

However, Webb failed to submit to the board any evidence to show good cause for his delay in filing. He did not even respond to the AJ's Acknowledgement Order. In addition, the filing of a grievance does not extend or toll the time limit for

filing. Once an agency has taken an appealable action, it is the responsibility of an employee to comply with the regulatory time limit for appeal, subject to the board's discretion to waive that time limit for good cause. Neither advice from a union representative nor changes in union staffing constitute good cause requiring the board to excuse late filing. *See Massingale v. Merit Sys. Protection Bd.,* 736 F.2d 1521, 1523 (Fed.Cir.1984) ("[Petitioner] cannot now excuse his delay on the ground that the union's advice, which he followed in good faith, was erroneous, and that he therefore was not culpable."). Therefore, we cannot say that the board, after having considered the relevant facts, abused its discretion in concluding that Webb did not show good cause for failing to file his appeal within the regulatory time limit.

*AFFIRMED.*