NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3303

MAHALIA M. JACKSON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: December 12, 2005

_____

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

DECISION

Mahalia M. Jackson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed her petition for review as untimely filed. Jackson v. Gen. Servs. Admin., No. DC-0752-97-0910-I-1, slip op. (M.S.P.B. June 8, 2005). We affirm.

DISCUSSION

I.

Effective August 15, 1997, the General Services Administration ("agency") removed Ms. Jackson from her position as a GS-9 Training Instructor. Although Ms. Jackson timely appealed her removal to the Board, before the Board she failed to respond to the agency's discovery requests and to appear for her deposition. In addition, she did not submit a prehearing submission, did not participate in two prehearing teleconferences, and failed to respond to two orders to show cause as to why her appeal should not be dismissed on account of her failure to prosecute it. As a result, on November 25, 1997, the administrative judge ("AJ") to whom the appeal was assigned dismissed the appeal for failure to prosecute. Jackson v. Gen. Servs. Admin., No. DC-0752-97-0910-I-1, slip op. (M.S.P.B. Nov. 25, 1997) ("Initial Decision"). In the Initial Decision, the AJ informed Ms. Jackson that she had thirty or thirty-five days to file a petition for review with the Board, depending upon when she received the Initial Decision.

Ms. Jackson filed a petition for review on December 17, 2004, more than seven years after the Initial Decision. Noting that the petition for review was untimely, the Board informed Ms. Jackson that she had to show good cause for her late filing, and it provided her with a form of "Motion to Accept Filing as Timely or to Ask the Board to Waive or Set Aside the Time Limit" for her to use for that purpose. The motion form informed Ms. Jackson that if she wished to establish that her untimely filing was the result of an illness, she had to (1) identify the time period during which she suffered from the illness; (2) submit medical or other evidence showing that she suffered from

the illness during that time period; and (3) explain how the illness prevented her from timely filing her petition for review. Ms. Jackson responded that she was unable to file her petition for review in a timely manner because of financial difficulties and because she was mentally and physically incapacitated.

On June 8, 2005, the Board ruled that Ms. Jackson had failed to establish good cause for the untimely filing of her petition for review. It therefore dismissed the petition. Ms. Jackson now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 253 F.3d 1357, 1361 (Fed. Cir. 1998). In a case where the Board has declined to waive a regulatory time limit our review is limited to determining whether the Board's decision was arbitrary, an abuse of discretion, or otherwise not in accordance with the law. Webb v. Merit Sys. Prot. Bd., 70 F.3d 104, 105 (Fed. Cir. 1995).

In ruling that Ms. Jackson had failed to establish good cause for the untimely filing of her petition for review, the Board pointed out that Ms. Jackson's assertion that financial difficulties prevented her from timely filing her petition for review did not establish good cause for the delay in filing. As far as illness was concerned, the Board noted that Ms. Jackson had only come forward with the general assertion that she was

mentally and physically incapacitated and therefore could not file her petition in a timely manner. The Board stated that Ms. Jackson's failure to identify the time period during which she suffered from illness, her failure to submit medical or other evidence showing that she was ill during that period, and her failure to explain how the illness prevented her from timely filing her petition for review prevented her from establishing good cause for the failure to timely file.

We discern no error in the Board's decision. First, the Board has consistently held that a claim of financial difficulties and lack of representation does not excuse a delay. See, e.g., Tamayo v. Office of Pers. Mgmt., 88 M.S.P.R. 685, 687 (2001); Georgeopolus v. U.S. Postal Serv., 61 M.S.P.R. 411, 413 (1994). Second, the medical records contained in Ms. Jackson's submission before the Board, as well as records that Ms. Jackson sought to introduce into the record but whose admission was barred, all related to the period up to the Initial Decision. They did not speak to the period of more than seven years that followed the Initial Decision before the petition for review was filed. They thus could not support Ms. Jackson's claim that her lengthy delay in filing her petition for review was excused by illness. In short, Ms. Jackson has not shown that the Board abused its discretion or otherwise erred in holding that she failed to establish good cause for the untimely filing of her petition for review.

For the foregoing reasons, the decision of the Board dismissing Ms. Jackson's petition for review is affirmed.

Each party shall bear its own costs.