NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3281

JOHN P. BATISTE, JR.,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: December 14, 2005

_____

Before RADER, BRYSON, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

The Merit Systems Protection Board (the Board) dismissed John P. Batiste's petition as untimely filed. Because Mr. Batiste has not presented any reason for waiving the applicable filing period, this court affirms.

## BACKGROUND

On August 28, 2003, Mr. Batiste filed an appeal with the Board alleging that his employer, the United States Postal Service, constructively suspended him from his job as a mail processor. The Postal Service had placed him on enforced leave for more than fourteen days. On December 12, 2003, an administrative judge concluded that Mr. Batiste's absence from his job was voluntary. For that reason, the Board lacked jurisdiction over his appeal. That initial decision also informed Mr. Batiste that it would

"become final on JAN 16 2004, unless a petition for review is filed by that date or the Board reopens the case on its own motion." Batiste v. U.S. Postal Serv., No. DA-0752-03-0604-I-1, slip op. at 11 (M.S.P.B. Dec. 12, 2003). Mr. Batiste did not file a petition within the specified period. The initial decision became the Board's final decision on January 16, 2004.

On November 19, 2004, Mr. Batiste filed a petition with the Board seeking, among other things, review of the December 12, 2003 initial decision. In response, the Board informed Mr. Batiste that his petition was untimely filed, and directed him to submit an explanation for the filing delay. Because Mr. Batiste did not respond, the Board dismissed his petition for review as untimely filed, citing the thirty-five day filing period in 5 C.F.R. § 1201.114(d), as well as Mr. Batiste's failure to assert any good cause for waiving that period under 5 C.F.R. §§ 1201-12, 1201.114(f).

## DISCUSSION

The court possesses limited authority to review a Board decision. This court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board has broad discretion to reopen a final appeal. Any party seeking to reopen a final decision has a heavy burden. Zamot v. Merit Sys. Prot. Bd., 332 F.3d 1374, 1378 (Fed. Cir. 2003).

On appeal, this court examines whether the Board appropriately denied Mr. Batiste's petition as untimely. See Wallace v. Merit Sys. Prot. Bd., 728 F.2d 1456, 1459

(Fed. Cir. 1984) ("The sole issue is the correctness of the MSPB decision holding the appeal to the board was untimely, which in no way involves the merits."). The period for filing a petition for review of an initial decision is thirty-five days. 5 C.F.R. § 1201.114(d). According to 5 C.F.R. § 1201.114(f), "Any petition for review . . . that is filed late must be accompanied by a motion that shows good cause for the untimely filing, unless the Board has specifically granted an extension of time . . . ."

In this case, Mr. Batiste filed his petition more than ten months late. Mr. Batiste did not respond to the Board's request to provide some explanation for that delay. Moreover, Mr. Batiste has not provided this court with an explanation for the delay, or any other reason to vacate the Board's dismissal. Instead, Mr. Batiste contests only the merits of his petition for review of the initial decision, which are beyond the scope this appeal. In sum, the record suggests no reason for waiving the thirty-five day period of 5 C.F.R. § 1201.114(d) that was clearly explained to Mr. Batiste in the initial decision.

CONCLUSION

Because neither Mr. Batiste nor the record in this case suggest any reason to waive the time period for filing a petition for review, the Board's dismissal is affirmed.