# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NATHANIEL J. SIMMONS,<br>Appellant, | DOCKET NUMBER<br>SF-0752-18-0225-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>Agency. | DATE: February 9, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathaniel J. Simmons, Wawona, California, pro se.

Karen D. Glasgow, Esquire, San Francisco, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 Effective October 1, 2017, the agency appointed the appellant, a nonpreference eligible, to the position of Maintenance Worker in Joshua Tree, California. Initial Appeal File (IAF), Tab 5 at 21. Effective January 20, 2018, the agency terminated the appellant during his probationary period based on charges that he failed to follow verbal and written supervisory directives, failed to follow established leave policy, and was absent without leave. *Id.* at 9-20. The appellant timely filed this appeal with the Board, and he requested a hearing. IAF, Tab 1. He asserted, among other things, that the agency engaged in harmful procedural error, discriminated against him because of his disability and his status as a single father of two girls, and he offered an explanation for the charges. IAF, Tab 1 at 5, Tab 6 at 3.

¶3 The administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 7, Initial Decision (ID). She found that the appellant failed to raise a nonfrivolous allegation of Board jurisdiction because, as a nonpreference eligible in the excepted service, he was not serving in an appointment pending conversion to the competitive service and he had not completed 2 years of current continuous service at the time of his termination. ID at 1, 3 (citing 5 U.S.C. § 7511(a)(1)(C)). The initial decision noted that it would become final on April 10, 2018, unless a petition for review was filed by that date. ID at 4.

¶4 Nearly a year later, on April 4, 2019, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. He asserts, among other things, that he was "out of the 90 day probation[ary] period," that he was terminated because of his disability and because of the agency's failure to accommodate him,

and that the agency improperly stated his termination date. *Id*. at 4-6. The agency has filed a response. PFR File, Tab 3.

¶5    In its acknowledgement letter, the Office of the Clerk of the Board informed the appellant that his petition appeared untimely and that untimely petitions had to be accompanied by a motion to accept the filing as timely and/or to waive the time limit. PFR File, Tab 2 at 1. The appellant thereafter filed such a motion.[2] PFR File, Tab 4. In it, he asserts that his petition was timely inasmuch as he "did not receive the email with the initial decision until after the final filing date because . . . it had been marked as spam," unlike previous filings that were sent to his "main email." PFR File, Tab 4 at 1. He also states that the time limit should be waived because he has a disability and was without a job or a place to live. *Id.* at 2. Finally, he contends that he did not ask for an extension of time to file his petition before the deadline because he was seeking legal aid and filing a disability discrimination claim with the Equal Employment Opportunity Commission (EEOC). *Id.* at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review was untimely filed.

¶6    A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e).

¶7    The appellant asserts that he did not receive the email containing the initial decision until after the "final filing date" because it had been marked as spam. PFR File, Tab 4 at 1. As a registered e-filer, however, the appellant consented

---

[2] The acknowledgement letter informed the appellant that his motion had to be postmarked if mailed or sent by facsimile on or before April 20, 2019. PFR File, Tab 2 at 2. The appellant's motion, which was sent by first-class mail, had a barely legible postmark that appeared to read, "22 APR." PFR File, Tab 4 at 5. Despite the apparent untimeliness of the appellant's motion, we have nevertheless considered it.

to accept all documents issued by the Board in electronic form.  IAF, Tab 1 at 2; *see* 5 C.F.R. § 1201.14(e)(1).  Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2).  Here, a Board paralegal specialist certified that the initial decision was sent via electronic mail to the appellant on March 6, 2018. IAF, Tab 8 at 1.  We therefore find that the appellant received the initial decision on the date that it was issued, March 6, 2018.  The appellant electronically filed his petition for review on April 4, 2019.  PFR File, Tab 1.  It is therefore nearly 1 year late.

The appellant did not show good cause for his untimely filing.

¶8      The Board will waive its filing deadline only upon a showing of good cause for the delay.  *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); 5 C.F.R. § 1201.114(g).  To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *Gaetos*, 121 M.S.P.R. 201, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9      The appellant is proceeding pro se, which is a factor that works in his favor. However, the remaining factors do not work in his favor.  For example, his nearly 1-year filing delay is significant.  *See Batiste v. U.S. Postal Service*, 98 M.S.P.R.

621, ¶ 8 (2005) (finding a pro se appellant's approximately 10-month filing delay to be significant), *aff'd*, 158 F. App'x 294 (Fed. Cir. 2005).

¶10    We have considered the appellant's assertion that the filing deadline should be waived because of his disability. The Board will find good cause for waiver of its filing time limits when a party demonstrates that he suffered from an illness that affected his ability to file on time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which he suffered from the illness, (2) submit medical evidence showing that he suffered from the alleged illness during that time period, and (3) explain how the illness prevented him from timely filing his submission or requesting an extension of time. *Id*.

¶11    The appellant was appointed pursuant to 5 C.F.R. § 213.3102(u), a Schedule A excepted-service hiring authority pertaining to the appointment of persons with certain disabilities. IAF, Tab 5 at 21. However, the appellant has not provided any information or medical evidence concerning his disability, the time frame in which he suffered from the disability, or how the disability prevented him from timely filing his petition or requesting an extension. Accordingly, he has failed to demonstrate good cause for his untimely filing based on his disability.

¶12    Regarding due diligence, the appellant asks that the Board excuse his untimely petition because the email containing the initial decision was sent to his spam folder. PFR File, Tab 4 at 1. Because the appellant registered as an e-filer, he was responsible for ensuring that emails from @mspb.gov were not blocked by filters and for monitoring his case at the Repository at e-Appeal Online to ensure that he received all case-related documents. 5 C.F.R. § 1201.14(j)(2)-(3). Although the appellant indicates that, prior to the initial decision, he never had problems with emailed pleadings being blocked by filters, PFR File, Tab 1 at 4, it is clear that he failed to monitor his case at the Repository, which demonstrates a lack of due diligence.

¶13     We have also considered the appellant's assertion that he was without a job or a place to live. PFR File, Tab 4 at 2. Without an explanation of how these events contributed to the untimeliness of his petition for review, these circumstances do not constitute good cause for the delay in filing. *See Mitchell v. U.S. Postal Service*, 111 M.S.P.R. 346, ¶¶ 3-8 (2009) (finding that an appellant failed to show good cause for his untimely filed petition for review even though he had a disabled son, was trying to secure unemployment benefits, and was searching for a new home after being evicted), *aff'd*, 361 F. App'x 132 (Fed. Cir. 2010).

¶14     Finally, we have considered the appellant's assertion that he did not ask for an extension of time to file his petition because he was seeking legal aid and filing a disability discrimination claim with the EEOC. PFR File, Tab 4 at 3. However, an appellant's attempts to obtain, or inability to obtain, legal representation does not establish good cause for his untimely filing or failure to request an extension of time. *Gaines v. U.S. Postal Service*, 96 M.S.P.R. 504, ¶ 7 (2004); *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 5 (2001), *aff'd*, 41 F. App'x 421 (Fed. Cir 2002). Moreover, an appellant's ability to participate in other litigation undermines his claim that he could not timely file a petition for review or request an extension. *See, e.g.*, *Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 14 (2007) (finding that the appellant failed to establish that her medical condition prevented her from timely filing her petition for review or a request for an extension of time because she was actively participating in other proceedings during the relevant time period).

¶15     For these reasons, we dismiss the appellant's petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the probationary termination appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions to provide a comprehensive summary of all available review options.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and you wish to challenge the Board's rulings on <u>your whistleblower claims only, excluding all other issues</u>, then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:                              /s/ for

_____
                                            Jennifer Everling
                                            Acting Clerk of the Board

Washington, D.C.