## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TANYA M. BALLARD,

     Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,

     Agency.

DOCKET NUMBER
AT-0752-17-0731-I-1

DATE: March 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tanya M. Ballard</u>, Yulee, Florida, pro se.

<u>Karen L. Mulcahy</u>, Esquire, Bay Pines, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed by the agency as a GS-06 Health Technician at the Veterans Administration Medical Center in Gainesville, Florida. Initial Appeal File (IAF), Tab 7 at 15. The agency removed the appellant from her position pursuant to the terms of a Last Chance Agreement (LCA), effective August 22, 2017. *Id*. at 16, 18-19. The appellant filed the instant appeal challenging her removal. IAF, Tab 1. On December 21, 2017, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 33, Initial Decision (ID) at 1, 9.

On June 15, 2019, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board informed the appellant that her petition for review appeared to be untimely filed, afforded her 15 days to file a motion to accept the petition as timely or waive the time limit for good cause, and provided the appellant with a copy of the motion. PFR File, Tab 2. The agency filed a response in opposition to the appellant's petition for review. PFR File, Tab 3.

On July 24, 2019, after the record on review closed, the appellant filed a motion to accept the petition as timely or waive the time limit for good cause.[2] PFR File, Tab 4. On October 1, 2019, she requested leave to file an additional pleading regarding her equal employment opportunity (EEO) counsel's investigatory findings of additional acts of reprisal. PFR File, Tab 5. On March 23, 2023, the appellant again requested leave to file additional evidence of reprisal related to her 2017 removal.[3] PFR File, Tab 10.

---

[2] The Office of the Clerk of the Board set July 6, 2019, as the deadline for the appellant's motion. PFR File, Tab 2. We have nonetheless considered the appellant's late-filed motion and we still find that the appellant failed to establish that the time limit should be waived for good cause.

[3] Both of the appellant's requests for leave to file an additional pleading involve evidence concerning the merits of her appeal, and to the extent that the 2023 motion alleges circumstances that may have caused a filing delay, she does not explain whether any of them affected the timeliness of her petition for review and, if so, why she was unable to present this information in her motion to waive the time limit. PFR File,

**DISCUSSION OF ARGUMENTS ON REVIEW**

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The date of a filing submitted by mail is determined by the postmark date. 5 C.F.R. § 1201.4(*l*).

Here, the initial decision stated that it would become final on January 25, 2018, unless a petition for review was filed by that date. ID at 9. The appellant makes no allegation that she did not receive the initial decision or that she received it more than 5 days after it was issued. The appellant's petition for review was postmarked on June 15, 2019; thus, that is its filing date. PFR File, Tab 1 at 4-5; *see* 5 C.F.R. § 1201.4(*l*). Therefore, her petition for review was filed over 16 months late.

The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo,* 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo,* 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune

Tabs 5, 10. Because the appellant has not shown that this additional evidence was not readily available before the record closed on review despite her due diligence and that it is of sufficient weight to warrant a different outcome, we deny her requests. *See Ellis v. Department of the Navy,* 117 M.S.P.R. 511, ¶ 12 (2012); 5 C.F.R. § 1201.114(k).

which similarly shows a causal relationship to her inability to timely file her petition. *Id*.

We find that the appellant has failed to show good cause for a waiver of the filing deadline. Even considering the appellant's pro se status, the appellant's nearly 17-month delay in filing her petition for review is significant. *See Batiste v. U.S. Postal Service*, 98 M.S.P.R. 621, ¶ 8 (finding a 10-month filing delay significant), *aff'd*, 158 F. App'x 294 (Fed. Cir. 2005); *Wright v. U.S. Postal Service*, 93 M.S.P.R. 444, ¶ 6 (2003) (finding an 8-month filing delay significant). As discussed below, the appellant has not presented evidence of due diligence or the existence of circumstances beyond her control that affected her ability to file her petition.

The appellant alleges that she was not aware of any filing deadline, that a union official told her that she could file a petition for review at any time, and that she could not afford an attorney. PFR File, Tab 1 at 1, Tab 4 at 10, 12. An appellant's confusion and lack of sophistication, which contribute to a late filing, may be taken into account when determining whether good cause for a late filing exists. *Forst v. Office of Personnel Management*, 97 M.S.P.R. 142, ¶ 7 (2004). An appellant must show, however, that such confusion is related to a specific ambiguity in either the instructions she received or in a Board procedure. *Id*. Here, the appellant has not identified a specific ambiguity in the initial decision or in any other instructions she received warranting her mistaken belief. The initial decision provided the exact date upon which it would become final and by which a petition for review must be filed. ID at 9. We find that the appellant's alleged confusion does not contribute to a finding of good cause for her untimely petition for review. Even if the filing delay is somehow attributable to the poor advice of the union official, such a situation does not provide a basis for a waiver of the time limit. *See Webb v. Merit Systems Protection Board*, 70 F.3d 104, 106 (Fed. Cir. 1995) (finding that erroneous advice from a union representative does not constitute good cause for excusing a late filing); *Massingale v. Merit Systems*

*Protection Board*, 736 F.2d 1521, 1523 (Fed. Cir. 1984) (explaining that a delay in filing cannot be excused on the ground of an appellant's receipt of erroneous advice from the union). Moreover, a claim of financial difficulties and inability to afford an attorney does not excuse an untimely filing. PFR File, Tab 1 at 1, Tab 4 at 10; *Wright v. Railroad Retirement Board*, 76 M.S.P.R. 330, 332 (1997); *Chapman v. Tennessee Valley Authority*, 67 M.S.P.R. 246, 249-50 (1995).

Regarding the appellant's assertion of homeless status, this assertion alone does not establish good cause for an untimely filing. PFR File, Tab 1 at 1, Tab 4 at 10, 11, 13-14. The appellant has provided no evidence that she was homeless at the time the initial decision was issued or when she received it. *See Sutton v. Office of Personnel Management*, 113 M.S.P.R. 576, ¶ 9 (2010) (noting that various conditions, including homelessness and transition among residences, did not establish good cause for the appellant's untimely petition for review without a showing of how these conditions prevented timely filing), *aff'd*, 414 F. App'x 272 (Fed. Cir. 2011); *Jones v. Social Security Administration*, 111 M.S.P.R. 498, ¶¶ 10-11 (2009) (same). As previously noted, the appellant does not allege that she did not receive the initial decision. In any event, the appellant is responsible for notifying the Board of any changes in address as well as the timely forwarding of her own mail. *See* 5 C.F.R. § 1201.22(b)(3). The record reflects that the appellant did not undertake such actions in a timely manner here.[4]

The appellant makes a bare assertion that she was "depress[ed] and sick." PFR File, Tab 1 at 1. The Board will find good cause for waiver of its filing time limits where a party demonstrates that she suffered from an illness that affected her ability to file on time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The Clerk's notice informed the appellant of the requirements for doing so. PFR File, Tab 2 at 7 n.1. The appellant's vague assertion of health problems

---

[4] On June 11, 2019, the appellant terminated her e-filing status and provided an updated address. IAF, Tab 35. Later that same day, however, she reregistered as an e-filer. IAF, Tab 36. These actions occurred well after the initial decision was issued on December 21, 2017. IAF, Tabs 33, 34.

does not constitute good cause for her untimely filing because she has not explained how her health problems prevented her from filing a timely petition for review. PFR File, Tab 1 at 1; *see Trachtenberg v. Department of Defense*, 104 M.S.P.R. 640, ¶ 10 (2007) (finding no good cause for an untimely petition for review because the appellant failed to show that she suffered from a medical condition that affected her at the time of the filing deadline or during the entire period of the delay); *Coleman v. U.S. Postal Service*, 91 M.S.P.R. 469, ¶ 10 (2002) (same).

We are not persuaded by the appellant's argument that the administrative judge's long conversation with agency counsel about personal matters after the hearing constituted evidence that the administrative judge favored the agency. PFR File, Tab 4 at 12. The appellant's belief that the administrative judge was biased does not excuse a late petition for review. *See Murphy v. Department of Health and Human Services*, 73 M.S.P.R. 287, 289 (1997).

The appellant asserts that the agency retaliated against her for filing multiple EEO complaints, that the agency discriminated against her on the basis of race and sex, and that the agency blocked her from obtaining reemployment within the agency. PFR File, Tab 1 at 2-3, Tab 4 at 12-14. She indicates that she reported the agency's actions to her Congressman, the Equal Employment Opportunity Commission, and former President Obama. PFR File, Tab 4 at 12-13. None of these allegations, even if true, show the existence of circumstances beyond her control that affected her ability to comply with the filing deadline or that she exercised due diligence under the circumstances.[5]

In addition, the appellant argues that the agency wrongfully terminated her, that she did not breach the terms of the LCA, and that there is a discrepancy in the initial decision regarding "another case with a man" but there was "no man in

---

[5] To the extent the appellant is attempting to raise discrimination claims and a claim of retaliation for having engaged in protected activity, the Board lacks jurisdiction over such claims in the absence of an appealable action. *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

the courtroom or on the job" and that "food" did not have anything to do with the case. PFR File, Tab 1 at 2, Tab 4 at 12. The appellant's arguments regarding the merits of the underlying action are not relevant to the timeliness issue. *Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 7 (2010) (finding that the appellant's assertions regarding the merits of a case do not establish good cause for an untimely filed petition for review).

Finally, for the first time on review, the appellant alleges that she was a protected whistleblower and that she reported the agency's actions to the Office of Special Counsel (OSC) and the whistleblowing hotline.[6] PFR File, Tab 1 at 2, Tab 4 at 12. The Board will generally not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made this showing.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the underlying appeal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[6] Based on the appellant's vague statements and the lack of relevant documents, such as an OSC close-out letter or a description of the OSC complaint, it is unclear whether the appellant is attempting to raise a claim of whistleblower reprisal. If the appellant wishes to file an individual right of action appeal, she may do so with the appropriate regional office in accordance with the Board's procedures. *See* 5 C.F.R. §§ 1209.5, 1209.6.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                  _____
                                             Gina K. Grippando
                                             Clerk of the Board

Washington, D.C.