**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BARBARA REYNOLDS, | DOCKET NUMBER |
| Appellant, | PH-1221-17-0057-W-1 |
| v. | |
| SOCIAL SECURITY | DATE:  April 16, 2024 |
| ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Cassandra Koonce, Charlotte Hall, Maryland, for the appellant.

Emily Markos, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as settled.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

The appellant is a GS-11 Claims Specialist who filed a complaint with the Office of Special Counsel (OSC). Initial Appeal File (IAF), Tab 1 at 1, 5. In a letter summarizing the appellant's complaint, OSC indicated that she had alleged that she was not selected for a promotion in reprisal for refusing to obey one of her manager's orders to inflate a veteran's disability benefits in violation of applicable laws, rules, and regulations. IAF, Tab 3 at 2-3. On September 29, 2016, OSC terminated its investigation of the appellant's complaint. *Id*. at 6-8.

The appellant then filed this IRA appeal on November 1, 2016. IAF, Tab 1. In May 2017, the appellant and the agency entered into a settlement agreement. IAF, Tab 17. Under the terms of the agreement, the appellant agreed to withdraw this appeal with prejudice and release all her claims against the agency. *Id*. at 4-5. The agency agreed to provide the appellant with training and an award. *Id*. at 6.

On May 23, 2017, the administrative judge dismissed the appeal as settled and entered the settlement agreement into the record for enforcement purposes. IAF, Tab 18, Initial Decision (ID). The initial decision noted that it would become final on June 27, 2017, unless a petition for review was filed by that date. ID at 3.

Approximately 11 months later, on June 6, 2018, the Office of the Clerk of the Board received a petition for review filed by the appellant via mail, postmarked May 19, 2018. Petition for Review (PFR) File, Tab 1 at 1, 17. The appellant indicates that her manager and supervisor had retaliated against her and that the initial decision failed to make her whole by providing her with a promotion. PFR File, Tab 1 at 4-5. The appellant stated in a motion to accept her late filed petition for review that good cause existed because she was "totally incapacitated" between April 12, 2018, and May 2, 2018. *Id*. at 8.

On June 6, 2018, the Clerk's Office issued a notice acknowledging the appellant's petition and informing her that her petition was untimely filed.

PFR File, Tab 2. The Clerk's Office set a deadline of June 21, 2018, for the appellant to file a motion to either accept the filing as timely or waive the time limit for good cause. *Id*. at 2. The appellant has not filed such a motion with the Board.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision, or if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). The date of filing by mail is determined by the postmark date. 5 C.F.R. § 1201.4(*l*).

Here, the initial decision was issued on May 23, 2017, and the appellant did not show that she received it more than 5 days after it was issued. Accordingly, she was required to file her petition for review by June 27, 2017. Instead, her petition for review was filed by mail, postmarked May 19, 2018. PFR File, Tab 1 at 17. It was therefore 326 days late.

The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay. *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 5 (2010); 5 C.F.R. § 1201.114(g). To determine whether an appellant has shown good cause, the Board will consider the length of the delay; the reasonableness of her excuse and her showing of due diligence; whether she is proceeding pro se; and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition for review. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant is represented by a non-attorney union representative.[2] IAF, Tab 1 at 3, Tab 17 at 9; PFR File, Tab 1 at 6. Her approximately 10-month filing delay is significant. *See Batiste v. U.S. Postal Service*, 98 M.S.P.R. 621, ¶ 8 (2005) (finding a pro se appellant's approximately 10-month filing delay to be significant), *aff'd*, 158 F. App'x 294 (Fed. Cir. 2005). She has done nothing more than vaguely assert that her petition was untimely because she was "totally incapacitated" between April 12, 2018, and May 2, 2018. PFR File, Tab 1 at 8. Her assertion is not made under penalty of perjury. *Id*. But, even if true, her assertion does not explain why she did not file her petition for review during the over 9-month period between June 27, 2017, and April 12, 2018. *See Alexander v. Department of Veterans Affairs*, 76 M.S.P.R. 285, 288-89 (1997) (dismissing the appellant's petition for review as untimely filed because, even if the Board found good cause for waiving a portion of the filing delay, the appellant failed to offer any evidence or argument to explain another portion of the filing delay), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Table).

It is also significant that the appellant did not respond to the letter from the Clerk's Office informing her that untimely petitions for review, such as hers, had to be accompanied by a motion to either accept the petition as timely or waive the time limit for good cause, and affording her the opportunity to make such a motion. PFR File, Tab 2 at 1-2. Under these circumstances, we find that the appellant has failed to establish good cause for her untimely filed petition for review. *See Batiste*, 98 M.S.P.R. 621, ¶ 8; *Alexander*, 76 M.S.P.R. at 288-89.

In her petition for review, the appellant may be alleging that the agency has not adhered to the terms of the May 2017 settlement agreement. PFR File, Tab 1 at 6. To the extent that the appellant seeks enforcement of the settlement agreement, she must file a petition for enforcement with the regional office that

---

[2] The appellant's petition for review is apparently signed by her representative, but it is unclear to what extent her representative assisted her in drafting or filing the petition for review. PFR File, Tab 1 at 6. Even if the appellant were proceeding pro se, our decision would remain the same.

issued the initial decision. *See Reid v. U.S. Postal Service*, 61 M.S.P.R. 84, 90 (1994); 5 C.F.R. § 1201.182(a).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's IRA appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:            *Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.